**FILED**

OCT 1 3 2016

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. P-16 CR 424 |
| | ) | |
| Plaintiff, | ) | **I N D I C T M E N T** |
| | ) | [Vio:  18 USC 2314, |
| V. | ) | Interstate Transportation |
| | ) | of Stolen Goods; 18 USC |
| ANDREW MARION KOWALIK, | ) | 545, Smuggling Goods into |
| | ) | the United States] |
| Defendant. | ) | |

**The Grand Jury Charges:**

**Count One**
**[18 U.S.C. § 2314 and 18 U.S.C. § 2]**

Beginning on or about April 15, 2016, and continuing until on or about August 26, 2016, in the Western District of Texas and elsewhere, Defendant,

ANDREW MARION KOWALIK,

and others, aiding and abetting one another, did unlawfully transport in interstate and foreign commerce from the Republic of Mexico to the State of Texas, in the Western District of Texas, prehistoric flaked stone artifacts such as projectile points, knives and other stone tools, of the value of $5,000.00 or more, knowing the same to have been stolen, converted and taken by fraud.

A violation of Title 18, United States Code, Section 2314 and Title 18, United States Code, Section 2.

## Count Two
### [18 U.S.C. § 545 and 18 U.S.C. § 2]

Between on or about April 15, 2015, and August 26, 2016, in the Western District of Texas and elsewhere, the Defendant,

ANDREW MARION KOWALIK,

and others, aiding and abetting one another, did fraudulently and knowingly import, bring, conceal, and facilitate the transportation and concealment of merchandise, to wit, prehistoric flaked stone artifacts such as projectile points, knives and other stone tools, imported and brought into the United States from the Republic of Mexico knowing that such merchandise was not declared to a CBP officer in violation of Title 19, Code of Federal Regulations.148.11.

A violation of Title 18, United States Code, Section 545 and Title 18, United States Code, Section 2.

<u>NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE</u>
[*See* Fed.R.Crim.P.32.2]

I.
<u>Smuggling Goods into United States - Proceeds and smuggled</u>
<u>merchandise</u>
[18 U.S.C. § 545 subject to forfeiture pursuant to Title 18
U.S.C. § 982(a)(2)(B) and
18 U.S.C. § 545 made applicable to criminal forfeiture by Title
28 U.S.C. § 2461(c)
and 19 U.S.C. § 1595a(c)(1)(A)]

As a result of the foregoing criminal violations set forth in
the above Counts, the United States of America gives notice to
**DEFENDANT** of its intent to seek the forfeiture of the below
described properties upon conviction pursuant to Fed. R. Crim. P.
32.2 and Title 18 U.S.C. §§ 982(a)(2)(B) (and Title 18 U.S.C. §
545 and Title 28 U.S.C. § 2461(c) and 19 U.S.C. § 1595a(c)(1)(A)),
which states the following:

> **18 U.S.C. § 982(a)(2)(B):**
> The Court, in imposing sentence on a person convicted of a
> violation of, or a conspiracy to violate…545…any property
> constituting, or derived from, proceeds obtained, directly or
> indirectly, as a result of such violation.
>
> **18 U.S.C. § 545:**
> Merchandise introduced into the United States in violation of
> this section, or the value thereof…shall be forfeited to the
> United States.
>
> **19 U.S.C. § 1595a. Forfeitures and other penalties**
> **(c) Merchandise introduced contrary to law**
> Merchandise which is introduced or attempted to be introduced
> into the United States contrary to law shall be treated as
> follows:
> **(1)(A)** The merchandise shall be seized and forfeited if it--
> is stolen, smuggled, or clandestinely imported or introduced;

This Notice of Demand for Forfeiture includes, but is not
limited to, the following:

All items seized from Defendant that were illegally smuggled into the United States to be more specifically described in the United States Motion for Preliminary Order of Forfeiture to be filed in this instant case.

A True Bill.

**Original signed by the foreperson of the Grand Jury**

Foreperson

Richard L. Durbin, Jr.
United States Attorney

Monty Kimball
Assistant United States Attorney