FILED

NOV 29 2016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | § § | **GOVERNMENT** |
| Plaintiff. | § § | **EXHIBIT # 2** |
| vs. | § § | CASE NO: P-16-CR-424(1) |
| ANDREW MARION KOWALIK, | § § § | |
| Defendant. | § | |

## FACTUAL BASIS

The United States was prepared to show the following facts through competent evidence beyond a reasonable doubt that the Defendant is guilty had this case gone to trial. The defendant and his/her attorney have signed this factual basis. By signing this factual basis the Defendant admits and stipulates that the following facts are true and accurate and that they support his/her plea of guilt and that the Defendant admits guilt.

Between on or about April 15, 2016, and August 26, 2016, in the Western District of Texas, the Defendant, aided and abetted by others, did fraudulently and knowingly import, bring, conceal and facilitate the transportation and concealment of merchandise, to wit, prehistoric flaked stone artifacts, such as projectile points, knives and other stone tools, imported and brought into the United States, in Brewster County, Texas, from the Republic of Mexico, knowing that such merchandise was not declared to a CBP officer, in violation of Title 19, Code of Federal Regulations, 148.11. The defendant admits that during the stated period of time, the defendant, aided and abetted by others, did smuggle prehistoric flaked stone artifacts, such as projectile points, knives and other stone tools, from the Republic of Mexico, to the United States

in the Big Bend National Park, in Brewster County, Texas. The value of the merchandise smuggled into the United States was more than $6500.00.

Signed this 29 day of November, 2016.

_____        _____
ANDREW MARION KOWALIK                  Monty Kimball
Defendant                              Assistant United States Attorney

_____
TERRY COLLINS
Defense Counsel

FILED

NOV 29 2016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | GOVERNMENT EXHIBIT NO. 1 |
| Plaintiff, | ) | |
| V. | ) | CAUSE NO. P-16-CR-424(1) |
| ANDREW MARION KOWALIK, | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

1. The Defendant will plead guilty to **Count Two** of the **Indictment** filed on **October 13, 2016**, and will serve the sentence imposed by the court. At the time of sentencing the Government will dismiss any remaining counts of the indictment.

2. The United States Attorney recommends to the Court that the Defendant be awarded the **third point** for "**acceptance of responsibility**" pursuant to U.S.S.G. § 3E1.1(b)(2) provided that the following conditions are met:

   a. The court determines that the Defendant qualifies for the first two points for "**acceptance of responsibility**," and that the Defendant is otherwise eligible for the third point;

   b. The Defendant has signed and agreed to this **Plea Agreement (Government Exhibit No.1)** and signed and agreed to the **Factual Basis (Government Exhibit No. 2)** as the foundation for his/her guilty plea(s);

   c. The United States Attorney has not initiated any trial preparations, which includes, but is not limited to, the responding to motions to suppress; and

   d. The Defendant pleads guilty on or before the Court's deadline date.

3. The Defendant also understands that he/she must clearly demonstrate "**acceptance of responsibility**" within the meaning of U.S.S.G. §3E1.1, and if he/she fails to do such then the United States Attorney may, in his sole discretion, recommend against "**acceptance of responsibility**" altogether, even after the Defendant has pled guilty.

4. The Defendant understands that any personal property currently in the possession of law enforcement will be forfeited and destroyed unless the Defendant makes arrangements with such agency within ten days after he/she is sentenced. This paragraph does not apply to those artifacts seized from the Defendant which are not being forfeited pursuant to the forfeiture provision of this agreement.

5. The Defendant acknowledges that defense counsel has advised him/her of the nature of the charge(s), any possible defense(s) to the charge(s), and the range of the possible sentence(s). The Defendant also understands that any recommendation(s) made by the United States Attorney in regards to sentencing is/are not binding on the court.

6. The Defendant, however, understands that the United States Sentencing Guidelines (U.S.S.G.) are only advisory and that the court may take other factors into account in fashioning his/her sentence(s), which could result in greater or lesser punishment than that recommended by the U.S.S.G., and that the sentence(s) imposed can be up to the maximum penalty allowed by statute for the offense(s) to which he/she has agreed to plead guilty.

7. The Defendant understands that his/her sentence(s) have not yet been determined by the court and that any estimate of the probable sentencing range(s) that may have been received from defense counsel, the United States Attorney, or the United States Probation Office, is/are not binding on the court and, consequently, does not adversely affect the voluntary and intelligent nature of his/her decision to enter the guilty plea(s). In other words, the Defendant

understands that he/she may not challenge the validity of his/her guilty plea(s), or the corresponding sentence(s), even if any estimated sentencing range(s) differ substantially from the sentence(s) actually imposed by the court.

8. The Defendant is aware that the Court may impose a sentence up to the maximum allowed by statute for the offense(s) to which the Defendant enters a plea of guilty. The Defendant is also aware that the sentence to be imposed does not provide for parole. By entering into this agreement, and as a term of this agreement, the Defendant voluntarily and knowingly waives the right to appeal the sentence on any ground, including but not limited to any challenges to the determination of any period of confinement, monetary penalty or obligation, term of supervision and conditions thereof, and including any appeal right conferred by 18 U.S.C. §3742. The Defendant also voluntarily and knowingly waives any right to contest the sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding pursuant to 28 U.S.C. §2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive the right to challenge the sentence on grounds of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

9. The Defendant waives the right to challenge the sentence imposed, knowing that his sentence has not yet been determined by the Court. The Defendant is aware that any estimate of the sentencing range received from defense counsel, the Government or the Probation Office, is not a promise, did not induce the guilty plea or this waiver, and does not bind the Government, the Probation Office, or the Court. In other words, the Defendant understands that the Defendant cannot challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by the Defendant's attorney, the attorney for the Government, or

the Probation Officer. Realizing the uncertainty in estimating what sentence the Defendant will ultimately receive, the Defendant knowingly and voluntarily waives the right to appeal the sentence or to contest it in any post-conviction proceeding in exchange for the concessions made by the Government in this Agreement, except as otherwise provided herein.

## FORFEITURE OF ASSETS

As part of this Plea Agreement, the Defendant expressly agrees to immediately and voluntarily forfeit all right, title and interest in the following properties which are listed in the Notice of United States of America's Demand for Forfeiture contained within the Information returned against the Defendant:

> All items seized from Defendant that were illegally smuggled into the United States to be more specifically described in the United States Motion for Preliminary Order of Forfeiture to be filed in this instant case.

(together referred to hereinafter as "Subject Properties").

The Defendant agrees and stipulates that the Subject Properties are forfeitable pursuant to Title 18 U.S.C. § 982(a)(2)(B) and Title 18 U.S.C. § 545 and Title 28 U.S.C. § 2461(c) and 19 U.S.C. § 1595a(c)(1)(A) for violations of Title 18 U.S.C. § 545.

Defendant agrees not to contest the administrative, civil and/or criminal forfeiture of the Subject Properties and further agrees not to assist others in filing a claim or petition.

The Defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceedings involving the Subject Properties (including any civil administrative, civil judicial, and criminal judicial proceedings), and he further agrees that he will not cause or assist anyone else in doing so. The Defendant further agrees to waive his right to notice of any forfeiture proceeding involving the property.

The Defendant further agrees to waive the requirements of Fed. R. Crim. P. 32.2 with respect to the imposition of any forfeiture action carried out in accordance with this Plea

Agreement. The Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the Subject Properties. The Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceedings. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States.

10. The Defendant hereby stipulates and agrees that by reason of the dismissal of, or the Government's agreement to forebear filing or pursuing, certain criminal charges as a part of this plea agreement, the Defendant is not a "prevailing party" for the purpose of seeking attorneys' fees and other litigation expenses under the "Hyde Amendment," Pub.L.No. 105-1119, Title VI, Section 617 111 Stat 2440, 2519, codified at 18 U.S.C. 3006A. The Defendant further agrees that as a term of this plea agreement, the Defendant hereby waives any and all claims against the United States for attorneys' fees and other expenses under said law.

11. This agreement is binding on the United States Attorney for the Western District of Texas and the Defendant. This agreement is not binding on any other United States Attorney or prosecutorial authority.

12. There are no other terms or conditions of this agreement.

                RICHARD L. DURBIN
                United States Attorney

                *[signature]*

                Monty Kimball
                Assistant United States Attorney

## ACKNOWLEDGMENT

I have reviewed this agreement and discussed it with my attorney, or this agreement was interpreted for me in a language that I understand and I discussed it with my attorney. I understand this agreement and I will comply with its terms.

Date: 11-29 16

ANDREW MARION KOWALIK
Defendant

TERRY COLLINS
Defense Counsel